IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LORI M. WISOR, )
    )
    Plaintiff, )
    )
  -vs- ) Civil Action No. 17-1012
    )
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
    )
    Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 13). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 13).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income pursuant to the Social Security Act. Plaintiff filed her application alleging disability since July 15, 2003. (ECF No. 7-8, p. 2). Administrative Law Judge ("ALJ"), John J. Porter, held a hearing on February 1, 2016. (ECF No. 7-4). On March 24, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-3, pp. 29-41).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 13). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Step 2 - Severe Impairments</u>

Plaintiff argues that the ALJ erred in failing to find her obesity to be severe. (ECF No. 11, pp. 6-9). At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §416.1420(a). An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities. 20 C.F.R. §§416.920(c), 416.921(a). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.920(a).

In this case, Plaintiff never alleged disability due to obesity. (ECF No. 7-9, pp. 6, 14, 22). Neither Plaintiff nor her counsel raised obesity as an issue at the hearing. (ECF No. 7-4). "When an applicant for social security benefits is represented by counsel the administrative law judge is entitled to assume that the applicant is making his strongest case for benefits." *Yoder v. Colvin,* No. 13-107, 2001 WL 2770045, *3 (W.D. Pa. June 18, 2014), *citing Lofland v. Astrue,* No. 12-624, 2013 WL 3927695, *17 (D. Del. July 24, 2013). *See,* 20 C.F.R. §404.1740(b) (counsel has an affirmative duty to provide all evidence showing how an impairment affects his

3

or her ability to work). Based on Plaintiff's allegations, the ALJ found that Plaintiff has the following severe impairment: depression, fibromyalgia, osteoarthritis, parenthesis in her hands, low back train, substance abuse in remission and status post right knee replacement; bipolar disorder; post-traumatic stress disorder; polysubstance abuse; hypertension; degenerative disc disease of the lumbar spine; and gastro-esophageal reflux disease. (ECF No. 7-3, p. 31). Since the ALJ found Plaintiff had severe impairments, the ALJ proceeded to the next steps. (ECF No. 7-3, pp. 31-41). Thus, Plaintiff was not denied benefits at step 2.

The ALJ proceeded beyond step 2. In so doing, the ALJ acknowledged that in making the RFC determination he considered "all symptoms." (ECF No. 7-3, p. 34). Thus, the ALJ proceeded to consider the Plaintiff's severe and non-severe impairments in the evaluation process and in determining Plaintiff's RCF. (ECF No. 7-3, pp. 31-41). Therefore, I find any purported error was harmless such that a remand on this basis is not warranted. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).

Consequently, I find no error on the part of the ALJ in failing to consider obesity as a severe impairment.

### C. Step 3 - Listings

Plaintiff next argues that the ALJ erred at step 3 by failing to consider her disorders of the spine under Listing 1.04. (ECF No. 10, pp. 15-17). In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1.; *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000). It is a plaintiff's burden to show that his impairment matches a listing or is equal in severity to a listed impairment. *Williams v.*

4

*Sullivan*, 970 F.2d 1178, 1186 (3d Cir.1992).

Here, the ALJ considered whether Plaintiff's severe impairments meet or equaled Listing 1.00 (musculoskeletal system) in general. (ECF No. 7-3, pp. 31-32). Plaintiff simply argues that the ALJ should have considered Listing 1.04. (ECF No. 10, p. 15). Again, it is Plaintiff's burden to show that her impairment matches a listing or is equal in severity to a listed impairment. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir.1992). At no point, however, does Plaintiff suggest how she meets Listing 1.04 or the alleged particular errors made by the ALJ. *See,* ECF No. 10, pp. 15-17. Consequently, I find Plaintiff's argument to be underdeveloped and wholly inadequate.

Plaintiff also seems to conclude that the ALJ erred at Step 3 for failing to consider Plaintiff's obesity. (ECF No. 10, p. 15). If an impairment is non-severe, the ALJ is not required to consider it when he applies the listings. *Pritchett v. Astrue,* 220 Fed. Appx. 790 (10th Cir. 2007). Since I have found no error on the part of the ALJ in not finding Plaintiff's obesity to be severe, it follows that he did not error in failing to consider listings associated therewith. Thus, I find no merit to this argument.

Finally, Plaintiff argues that the ALJ erred in finding that she did not meet or equal Listing 12.04. (ECF No. 10, pp. 15-17). Essentially, Plaintiff argues that the ALJ erred in giving no weight to her treating psychiatrist, Dr. Last, in making this determination. *Id.* The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a

5

treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

As set forth above, an ALJ is not required to accept a doctor's opinion uncritically. Rather, the ALJ must weigh it in relation to all of the evidence of the record. In this case, that is

6

exactly what the ALJ did. In so doing, the ALJ sufficiently set forth valid and acceptable reasons for weighing the opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). For example, the ALJ gave Dr. Last's opinion no weight because it is inconsistent with his own record of treatment, is based on only seven medication management visits, is inconsistent with other opinion evidence of record (Dr. Kann's opinion), and appears to be an overestimate of Plaintiff's symptoms and limitations based on Plaintiff's own testimony. (ECF No. 7-3, pp. 37-38). After a review of the record, I find that basis for the ALJ's opinion is supported by substantial evidence. *Id.* at pp. 29-41. Consequently, I find am not persuaded by Plaintiff's argument in this regard.

Additionally, contrary to Plaintiff's suggestion otherwise, an ALJ is entitled to rely upon the findings of an evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). Consequently, I find Plaintiff's suggestion in this regard to be without merit.

### D. Residual Functional Capacity (RFC)[2]

In determining Plaintiff's RFC at step 5, Plaintiff appears to suggest in two sentences that the ALJ should not have relied on Dr. Caramanna's opinion because the doctor "did not consider Plaintiff's extreme obesity on the effects of her impairments of disorders of the spine…." (ECF No. 10, p. 18). Plaintiff cites to no evidence to support this assertion. *Id.* To begin with, Dr. Caramanna's evaluation was based on the alleged impairments as set forth in Plaintiff's claim for disability. (ECF No. 7-5, pp. 2, 6). Again, I note that Plaintiff never claimed

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform light work, with certain exceptions. (ECF No. 7-3, p. 34).

7

disability as a result of obesity. Nevertheless, close review of the record reveals that Dr. Caramanna did take note of Plaintiff's weight during his evaluation. *See,* ECF No. 7-5, p. 2. Consequently, I am not persuaded by this argument, if indeed Plaintiff is suggesting the same.[3]

### E. <u>Vocational Expert ("VE")</u>

Finally, in one sentence, Plaintiff suggests that the ALJ erred by relying on an incomplete hypothetical question. (ECF No. 10, p. 18). I disagree. An ALJ is required to accept only that testimony from the VE which accurately reflects a plaintiff's limitations. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, I find there is substantial evidence that the ALJ accepted the VE's testimony that accurately reflected Plaintiff's limitations as set forth in the RFC. (ECF No. 7-3, pp. 29-41; No. 7-4, pp. 25-29). Consequently, I find no error in this regard. Therefore, I find remand is not warranted on this basis.

An appropriate order shall follow.

---

[3] At the end of her brief, Plaintiff suggests that there is medical evidence to show Plaintiff's "persistent efforts to obtain pain relief provides supportive evidence that Plaintiff's symptoms are a source of distress and shows that her low back pain is intense and persistent." (ECF No. 10, p. 19).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). The question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, Plaintiff's argument in this regard is misplaced.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LORI M. WISOR,              )
                            )
    Plaintiff,        )
                            )
-vs-                        )     Civil Action No. 17-1012
                            )
NANCY A. BERRYHILL,[4]      )
COMMISSIONER OF SOCIAL SECURITY, )
                            )
    Defendant.       )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 24th day of September, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 9) is denied and Defendant's Motion for Summary Judgment (ECF No. 13) is granted.

                        BY THE COURT:

                        s/ Donetta W. Ambrose
                        Donetta W. Ambrose
                        United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.